NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1245

ASPEX EYEWEAR, INC.,

Plaintiff/Counterclaim Defendant-Appellee,

and

MANHATTAN DESIGN STUDIO, INC. (formerly known as Ira Lerner, Inc.),
CONTOUR OPTIK, INC., CHIC OPTIC, INC., and
ASAHI OPTICAL CO., LTD. (now known as Pentax Corporation),

Plaintiffs-Appellees,

v.

CONCEPTS IN OPTICS, INC.,

Defendant/Counterclaimant-Appellant,

and

RONALD L. DARATA,

Counterclaimant-Appellant.

Michael A. Nicodema, Greenberg Traurig, LLP, of New York, New York, argued for plaintiff/counterclaim defendant-appellee and plaintiffs-appellees. With him on the brief was Barry J. Schindler.

Gary E. Lambert, Lambert & Associates, of Boston, Massachusetts, argued for defendant/counterclaimant-appellant and counterclaimant-appellant. With him on the brief was Joseph W. Beasley, Josephs Jack, of Miami, Florida.

Appealed from: United States District Court for the Southern District of Florida

Magistrate Judge Robert L. Dubé

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1245

ASPEX EYEWEAR, INC.

Plaintiff/Counterclaim Defendant-Appellee,

and

MANHATTAN DESIGN STUDIO, INC., (formerly known as Ira Lerner, Inc.),
CONTOUR OPTIK, INC., CHIC OPTIC, INC., and
ASAHI OPTICAL CO., LTD. (now known as Pentax Corporation),

Plaintiffs-Appellees,

v.

CONCEPTS IN OPTICS, INC.,

Defendant/Counterclaimant-Appellant,

and

RONALD L. DARATA,

Counterclaimant-Appellant.

_____

DECIDED:  January 9, 2007

_____

Before RADER, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

ARCHER, <u>Senior Circuit Judge</u>.

Concepts in Optics, Inc. and Ronald L. Darata (collectively "Concepts") appeal the judgment of the United States District Court for the Southern District of Florida granting partial summary judgment in favor of Aspex Eyewear, Inc., Manhattan Design

Studio, Contour Optik, Inc., and Asahi Optical Co., Ltd. (collectively "Aspex"). <u>Aspex Eyewear, Inc. v. Concepts in Optics, Inc.</u>, No. 00-7067-CIV (S.D. Fla. Jul. 22, 2005) ("<u>Aspex</u>"). Because we adopt the claim construction set forth by this court in <u>Aspex Eyewear, Inc. v. Miracle Optics, Inc.</u>, 170 Fed. Appx. 710 (Fed. Cir. 2006), ("<u>Miracle</u>") (construing the same terms in different claims of the same patent), and conclude that under that claim construction Concepts' product infringes U.S. Patent RE37,545 ("the '545 patent"), we <u>affirm</u>.

I

The '545 patent is drawn to eyeglasses that have a primary spectacle frame and an auxiliary spectacle frame attached thereto by magnetic members. The primary spectacle frame typically includes prescription lenses while the auxiliary frame typically includes sunglass lenses. Claims 1 and 17 are at issue in this case and recite as follows:

> 1. An eyeglass device comprising:
> a primary spectacle frame for supporting primary lenses therein, said primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg means thereto, said primary spectacle frame including two rear and side portions each having a projection secured thereto, said primary spectacle frame including an upper side portion,
> a pair of first magnetic members secured in said projections respectively,
> an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary spectacle frame including two side portions each having an <u>arm</u> extended therefrom for extending over and for engaging with said upper side portion of said primary spectacle frame, and
> a pair of second magnetic members secured to said arms respectively for engaging with said first magnetic members of said primary spectacle frame so as to secure said auxiliary spectacle frame to said primary spectacle frame,
> said arms being engaged with and supported on said upper side portion of said primary spectacle frame so as to allow said auxiliary spectacle frame to be stably supported on said primary spectacle frame and so as to prevent said auxiliary spectacle frame from moving downward relative to

said primary spectacle frame and so as to prevent said auxiliary spectacle frame from being disengaged from said primary spectacle frame.

17. An eyeglass device comprising:
a primary spectacle frame having two side portion extensions, each of said extensions extending laterally away from one another and rearwardly of said frame, each of said extensions having a top side, a front side and a rear side with a first magnetic member secured to said rear side, and
an auxiliary spectacle frame including two side portions each having an <u>arm</u> extending from said front side over said top side, said arms containing corresponding second magnetic members, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame.

'545 pat, col. 3, l. 34 – col. 5, l. 54 (emphases added).

The district court concluded that the arms could not extend past the rear edge of the projection containing the magnetic members of the primary frame[1] and that this limitation as to the extension of the arms did not preclude any other components attached to the arms from extending past the rear edge of the projections. <u>Aspex</u>, slip op. at 2. Based on this claim construction, the district court concluded that Concepts' eyeglass device infringed the '545 patent.

On appeal, Concepts challenges this claim construction and resulting infringement finding. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II

When the district court construed claims 1 and 17 in this case, he did not have the benefit of our decision in <u>Miracle</u>, where we construed claims 12, 16, and 24 of the '545 patent. There we concluded that "the district court erred in its construction of claims 12, 16, and 24 by imposing a limitation on the claims that the arms extending

---

[1] This part of the claim construction was based on another district court's construction of the same auxiliary spectacle frame arm limitation in a different patent infringement suit involving the '545 patent, <u>Aspex Eyewear, Inc. v. Miracle Optics, Inc.</u>, No. CV 01-10396 (C.D. Cal. Feb. 14, 2003).

back from the auxiliary spectacle frame cannot extend past the rear edge of the projection containing the magnetic members of the primary frame." Miracle, 170 Fed. Appx. at 715. The same claim element, the arms of the auxiliary spectacle frame, is contained in both claim 1 and claim 17.

Concepts makes several arguments why Aspex should not be able to take the position that this court's decision in Miracle should be followed in this case. However, Concepts' arguments do not contain any suggestion, legal or otherwise, that we cannot adopt the claim construction in the Miracle decision. Because claim construction is a question of law which we review de novo, Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc), we are not precluded from adopting the claim construction made by another panel of this court with respect to the same limitation in other claims of the '545 patent. Thus, Concepts' arguments that Aspex should be prevented from "advocating any position before this Court and the district court, that attempts to 'moot,' modify, erase or otherwise interfere with the district court's claim construction of the term 'arm' that concerns whether or not the 'arms' can 'extend past the rear edge of the projections" are unpersuasive and irrelevant.

After a detailed analysis of the specification and the prosecution history of the '545 patent, the Miracle court concluded that there was no limitation on the claims that the arms extending back from the auxiliary spectacle frame cannot extend past the rear edge of the projection containing the magnetic members of the primary frame. We see no reason to depart from this claim construction. Accordingly, for the reasons stated in our decision in Miracle, we reject the district court's claim construction related to the auxiliary spectacle frame arms and adopt the Miracle court's claim construction.

Even under this claim construction, however, Concepts' eyeglasses device infringes the '545 patent. We have also considered Concepts' other contentions on appeal and conclude that they lack merit. Accordingly, the judgment of the district court is affirmed.